1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                  EASTERN DISTRICT OF WASHINGTON

7   EMPIRE HEALTH FOUNDATION,
    for Valley Hospital Medical Center,        NO:  16-CV-209-RMP
8
                            Plaintiff,          ORDER GRANTING PLAINTIFF'S
9                                               MOTION TO SUPPLEMENT THE
            v.                                  RECORD AND DENYING
10                                              DEFENDANT'S MOTION TO
    THOMAS E. PRICE, MD, Secretary              DISMISS
11  of the United States Department of
    Health and Human Services,
12
                            Defendant.
13

14          Plaintiff Empire Health Foundation, for Valley Hospital Medical Center (the

15  "Hospital") brings this action against Thomas E. Price, MD, in his capacity as

16  Secretary of the United States Department of Health and Human Services (the

17  "Secretary").  The matter presently is before the Court on the Secretary's Motion

18  to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 11, pursuant to Fed.

19  R. Civ. P. 12(b)(1), and the Hospital's Motion to Supplement the Record, ECF No.

20  19.  Having considered the parties' filings and oral argument, the remaining record,

21

    ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD
    AND DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

1    and the relevant law, the Court is fully informed.  For the reasons set forth below,

2    the Hospital's motion is **granted**, and the Secretary's motion is **denied**.

3                                    **BACKGROUND**

4           As alleged in the complaint, the Hospital provided short-term acute care to

5    patients insured under the federal health insurance program Medicare in fiscal year

6    2008.  ECF No. 1 at 3.  Under Part A of the Medicare Act, the Medicare program

7    reimburses providers for inpatient services based on the Prospective Payment

8    System ("PPS"), which derives reimbursements from standardized reimbursable

9    expenditure rates that are subject to adjustments based on certain hospital-specific

10   factors.  *See* 42 U.S.C. §§ 1395c to 1395i-5, 1395ww(d).  The Hospital's challenge

11   concerns the disproportionate share hospital ("DSH") adjustment, created to

12   "compensate hospitals for the additional expense per patient associated with

13   serving high numbers of low-income patients."  *Phoenix Mem. Hosp. v. Sebelius*,

14   622 F.3d 1219, 1221 (9th Cir. 2010).

15          Whether a hospital receives a DSH adjustment, and the amount of the

16   adjustment received, is determined by a calculation of the hospital's

17   disproportionate patient percentage ("DPP").  42 U.S.C. § 1395ww(d)(5)(F)(v),

18   (vii).  The regulation governing the DPP, as amended in 2004, provides a formula

19   for determining the DPP, which serves "as a proxy for all low-income patients."

20   *Legacy Emanuel Hosp. & Health Ctr. v. Shalala*, 97 F.3d 1261, 1263 (9th Cir.

21   2010) (internal citation omitted).  The formula is as follows, represented visually:

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD
AND DENYING DEFENDANT'S MOTION TO DISMISS ~ 2

***Supplemental Security Income***       ***Medicaid Fraction***
***("SSI")/Medicare Fraction***

$$\frac{Medicare, SSI\ Days\ (incl.\ Part\ C\ Days)}{Total\ Medicare\ Days} + \frac{Medicaid\ Days}{Total\ Patient\ Days} = DPP$$

*See* 42 C.F.R. § 412.106(b).

As referenced in the above equation, the numerator of the Medicare fraction consists of the number of patient days in the relevant period for patients who were both "entitled to benefits under Part A" and "entitled to SSI benefits."  42 U.S.C. § 1395ww(d)(5)(F)(vi)(I).  The regulation expressing the DPP formula, as amended in 2004, also considers patients who elect coverage under Part C of the Medicare Act, the "Medicare Advantage" program that provides benefits through a managed care plan, to be "entitled to benefits under Part A" for purposes of the Medicare fraction.  42 C.F.R. § 412.106(b)(2)(i)(B).

The Hospital filed the complaint in this matter on June 9, 2016, alleging that the Secretary's interpretation of the DSH payment adjustment statute, 42 U.S.C. § 1395ww(d)(5)(F)(vi), is invalid and that the agency should be enjoined from applying its interpretation against the Hospital.  Specifically, the Hospital disagrees with the Secretary's position that "unpaid Medicare Part A days are 'days entitled to benefits under part A' for purposes of the DSH social security income (SSI) and Medicaid fractions[.]"  ECF No. 1 at 15.  Alternatively, if the Court agrees with the Secretary regarding the treatment of unpaid Medicare Part A days, the Hospital asks that the Court direct the Secretary "to include unpaid SSI eligible patient days

in the numerator of the SSI percentage utilizing SSI payment status codes that reflect the individuals' eligibility for SSI—even if the individuals did not receive SSI payments[,]" as a matter of consistency. ECF No. 1 at 15-16.

The Hospital alleges that this Court has jurisdiction to review a final decision of the Provider Reimbursement Review Board ("PRRB"), an adjudicative body within the Department of Health and Human Services, under 42 U.S.C. § 1395oo(f)(1).  The PRRB issued a final decision on April 8, 2016, granting the Hospital's request for "expedited judicial review" and determining that the PRRB "lacks the authority to decide the [sic] whether the regulation, 42 C.F.R. § 412.106(b)(2) (2008) is valid . . . ."  ECF No. 1-1 at 4.

Rather than filing an answer, the Secretary moved to dismiss the Hospital's complaint for lack of jurisdiction, on the basis that the PRRB's decision to issue a final agency decision and grant expedited judicial review did not encompass the issues for which the Hospital seeks judicial determination in this action.

## LEGAL STANDARD

Plaintiff bears the burden of proving the existence of subject matter jurisdiction. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).  The plaintiff must have exhausted the administrative review process for a court to exercise jurisdiction. *See Mathews v. Eldridge*, 424 U.S. 319, 323, 327 (1976).  A final decision consists of two elements: a jurisdictional, non-waivable requirement that the claim for benefits has been presented for decision to the agency; and a

1   waivable requirement of exhaustion of the agency's administrative review process.

2   *Mathews*, 424 U.S. at 328-30; *Weinberger v. Salfi*, 422 U.S. 749, 764-65 (1975).

3       Federal district courts have jurisdiction over Medicare provider

4   reimbursement disputes only to the extent provided by 42 U.S.C. § 1395oo(f).  *See*

5   *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 5-6, 10 (2000);

6   *see also* 42 U.S.C. § 1395ii.  Under 42 U.S.C. § 1395oo(f)(1), a Medicare provider

7   may pursue an initial judicial determination of an issue over which the PRRB

8   determines it is "without authority to decide" because the issue "involves a

9   question of law or regulations relevant to the matters in controversy."

10                              **DISCUSSION**

11      As a preliminary matter, the Court addresses the Hospital's motion to

12  supplement the record.  The Hospital asks the Court to consider additional

13  decisions issued by the PRRB since the oral argument date in this matter in which

14  the PRRB determined that it lacked authority to revise a data-matching process

15  used by the Secretary's program administrator[1] to calculate the SSI fraction that

16  was applied to the providers.  The Secretary opposes the motion by contending that

17  the PRRB decisions do not affect the issues in the motion to dismiss.  Because the

18  Court finds the PRRB decisions relevant and helpful in deciding the issues raised

19  _____

20  [1] The Secretary's program administrator is the Center for Medicare and Medicaid
    Services.

21

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD
AND DENYING DEFENDANT'S MOTION TO DISMISS ~ 5

by the motion to dismiss, it grants the Hospital's motion, ECF No. 19, and considers the attachments as supplemental authority.

As for the motion to dismiss, the Court finds that the Hospital met its burden of establishing the existence of subject matter jurisdiction, pursuant to the expedited judicial review provision contained in 42 U.S.C. § 1395oo(f)(1). The Secretary acknowledges that the Court has jurisdiction to entertain a challenge postured similarly to *Metropolitan Hospital v. United States*, a Sixth Circuit decision that upheld the Secretary's treatment of the same regulation that the Hospital challenges here and its treatment of "dual-eligible days" for the "entitled to benefits under [Medicare] part A" portion of the DSH formula. 712 F.3d 248, 250-52, 265-70 (6th Cir. 2013). The Ninth Circuit, to date, has not decided that issue. The Hospital agreed at oral argument that it wishes to resolve a *Metropolitan Hospital*-styled dispute regarding how the DPP should account for dual-eligible exhausted benefit days for the 2008 fiscal year that the Hospital challenges.

However, the Secretary also argued at oral argument that were the Court to find jurisdiction to resolve the issue defined in the PRRB's expedited judicial review decision, the Court should winnow down the claims that would be allowed to proceed. The Secretary extracts from the Hospital's complaint two claims that the Secretary argues are appropriate for dismissal and distinct from the scope of the issue defined by the PRRB decision. First, the Secretary views the Hospital's

complaint as asking the Court to determine the validity of the Secretary's policy

regarding the identification of Medicare patients who are "entitled to

supplementary security income benefits," 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I). As

stated by the Secretary in the briefing on the motion to dismiss, "[t]he Secretary's

policy regarding the identification of Medicare patients 'entitled to supplementary

security income benefits' is set out at 75 Fed. Reg. 50042, 50280-81 (Aug. 16,

2010), which was enacted after the 2008 fiscal year at issue.

Second, the Secretary views the Hospital's complaint as raising a claim over

which the Secretary asserts this Court lacks jurisdiction because the "Secretary has

acquiesced to the vacatur" that was set forth in the D.C. Circuit's decision in *Allina

Health Servs. v. Sebelius*, 746 F.3d 1102, 1109, 1111 (D.C. Cir. 2014) (*"Allina* I").

*Allina* I vacated an aspect of the regulation that the Hospital challenges here, 42

C.F.R. § 412.106(b)(2), which considers patients who participate in a Medicare

Part C plan to be nonetheless "entitled to benefits under Part A" for purposes of 42

U.S.C. § 1395ww(d)(5)(F)(vi)(I). That "Part C Rule," according to *Allina* I, was

defective on procedural grounds. *Id.* at 1109, 1111.

In the briefing on the motion to dismiss, the Secretary maintains that *Allina* I

"left it open to the Secretary to arrive at the same interpretation of the statute

without relying on the vacated rule." ECF No. 16 at 8-9. The Secretary also

argues, without citing an authority for the proposition, that a provider cannot

dispute a reimbursement calculation under a subsequently vacated rule to which

the Secretary has "acquiesced." ECF No. 16 at 9. The Court need not decipher

whether the Secretary's difficult-to-reconcile argument has merit because during

the period in which the Secretary's motion to dismiss has been pending, the D.C.

Circuit issued its "*Allina* II" decision. *Allina Health Servs. v. Price*, 863 F.3d 937,

2017 U.S. Ap. LEXIS 13347 (D.C. Cir. 2017). *Allina* II invalidates the Secretary's

June 2014 decision, just two months after *Allina* I was decided, to include Part C

days in the fiscal year 2012 Medicare fractions used to calculate adjustment

amounts. *Id.* at *6-7, 20-21. *Allina* II, therefore, appears to undermine the

Secretary's arguments here.

     In any event, the issue of dismissing the Hospital's claims in part is

premature given the nature of the motion to dismiss. The expedited judicial review

decision attached to the Hospital's complaint articulates a legal issue that falls

within the parameters of 42 U.S.C. § 1395oo(f)(1), specifically whether "42 C.F.R.

§ 412.106(b)(2) (2008) is valid[.]" ECF No. 1-1 at 4. Therefore, this Court has

subject matter jurisdiction to consider this case. Whether the relief that the

Hospital seeks is within this Court's authority to grant and whether certain of the

Hospital's claims should be dismissed are questions appropriately reserved for

later after full briefing.

     Accordingly, **IT IS HEREBY ORDERED** that:

     1. Plaintiff's Motion to Supplement Pleading/Record, **ECF No. 19**, is

       **GRANTED**.

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD
AND DENYING DEFENDANT'S MOTION TO DISMISS ~ 8

2.  Defendant's Motion to Dismiss for Lack of Subject Matter

Jurisdiction, **ECF No. 11**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to

counsel.

**DATED** September 1, 2017.


*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD
AND DENYING DEFENDANT'S MOTION TO DISMISS ~ 9